UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL EARL BOSSE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PUBLIC DEFENDER IAN THOMSON; PROSECUTING ATTORNEY J. DINGER; MARCO DeANGELO; and DAVID SIMONAITIS, et al.,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00365-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Michael Earl Bosse (Plaintiff), a prisoner and pauper, filed a Complaint that is subject to screening. (Dkt. 3). The Court must review complaints filed by paupers and prisoners seeking relief against state actors to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915 & 1915A. Having reviewed Plaintiff's Complaint and Affidavit, the Court issues the following Order dismissing the Complaint on alternative grounds.

## REVIEW OF COMPLAINT

1. **Background**

Plaintiff asserts that, between 2016 and 2024, prosecuting attorney John Dinger performed illegal acts to acquire a guilty plea, including lying to the judge, presenting unsigned fake records, and engaging in coercion. Plaintiff seeks $900,000 or "his home" [sic] and to have Dinger disbarred. (Dkt. 3. at 3).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

Plaintiff also asserts that between 2016 and 2024, his public defender in a state criminal case, Ian Thompson, forced him to make two pleas under threat of death. Plaintiff seeks one million dollars per year for every year he is wrongfully incarcerated. (Dkt. 3 at 2).

Plaintiff also sues another public defender, Marco DeAngelo, for violating Plaintiff's due process rights, abandoning duties to Plaintiff, and making slanderous statements during state criminal proceedings. He seeks $900,000 or "his home" [sic] and to have DeAngelo disbarred. (*Id*. at 4).

Plaintiff names David Simonaitis as a defendant in the header of this case, but has not stated any allegations in the body of the Complaint. (*See* Dkt. 3). A letter written by Thomson that is attached to the Complaint shows Simonaitis is the public defender who assumed representation of Plaintiff after Thomson resigned from that office due to a health issue. (Dkt. 3-1 at 8).

2. **Standard of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

Under Rule 8 and 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all of the claims in a complaint for any of the following reasons:

- "insufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- "lack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar sua sponte (on its own), *see, e.g.*, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024)

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

> (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- frivolousness or maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- seeking monetary relief from a defendant who is immune from such relief. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### 3. All Claims Are Barred by *Heck v. Humphrey*

Plaintiff states that he does not intend to challenge his conviction or sentence with this lawsuit, but, nevertheless, his allegations call into question his Idaho criminal convictions and sentences—he asserts his "faulty plea" is "void." (Dkt. 3-2 at 4). Thus, *Heck v. Humphrey*, 512 U.S. 477 (1994), is applicable. In *Heck*, the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply that a plaintiff's conviction or sentence is invalid, he must first prove that the conviction or sentence has been overturned on appeal or in a state or federal post-conviction action. *Id.* at 486-87. If the conviction or sentence has not been overturned, the claim is not cognizable under § 1983. *Heck*, 512 U.S. at 487.

In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court clarified that the line of cases addressing the *Heck* issue, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Wilkinson*, 544 U.S. at 81-82.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

Here, Plaintiff's convictions and sentences would not have been obtained but for the alleged wrongful acts of the prosecutor and public defenders, claims which are clearly within the *Heck* bar.

### 4. Public Defenders Are Not State Actors

The law is clear that a public defender does not act under color of law for acts taken when representing an indigent defendant in criminal proceedings. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (federal criminal context). Therefore, the Court lacks jurisdiction over Plaintiff's claims against all three of the public defenders. *See id*.

In *West v. Atkins*, 487 U.S. 42 (1988), the United States Supreme Court explained:

> [In] *Polk County v. Dodson*, [454 U.S. 312 (1981)] . . . [t]he Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S., at 325, 102 S. Ct., at 453. In this capacity, the Court noted, a public defender differs from the typical government employee and state actor. While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence," which the State is constitutionally obliged to respect. *Id.*, at 321-322, 102 S. Ct., at 451. A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State. *Id.*, at 318-319, 320, 102 S. Ct., at 450. The Court accordingly concluded that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he "is not acting on behalf of the State; he is the State's adversary." *Id.*, at 323, n. 13, 102 S. Ct., at 452, n. 13. *See also Lugar v. Edmondson Oil Co.*, 457 U.S., at 936, n. 18, 102 S. Ct., at 2753, n. 18.

*Id*. at 50.

An exception to the *Polk* ruling exists. In *Tower v. Glover*, 467 U.S. 914, 919-20 (1984), the Court recognized that a public defender can be sued under § 1983 if he conspired with a state actor. This exception can be applied to a public defender, even if the state actor with whom he conspired is immune from § 1983 liability. However, here, Plaintiff has not alleged acts to suggest

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

such a conspiracy. Rather, he alleges that Thomson deliberately lied to him, the prosecution, and the judge—which shows there was no "agreement" between the public defender and the state actors. (*Id*. 3-1 at 7). Similarly, Plaintiff alleges that DeAngelo said "He's not gonna complete the plea application with prosicution from Mr. Thompson." (Dkt. 3-2 at 4) (verbatim). This suggests that DeAngelo was not acting with Thomson or the prosecution. These federal claims are subject to dismissal for failure to state a claim upon which relief can be granted.

   5. **The Prosecutor is Entitled to Immunity**

Federal appellate courts have repeatedly ruled that a prosecutor is entitled to *absolute quasi-judicial* immunity from liability for damages under § 1983 when the alleged wrongful acts were committed by the prosecutor in the performance of an integral part of the criminal judicial process. *See, e.g.*, *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Imbler v. Pachtman*, 424 U.S. 409 (1976). Examples of tasks that are an integral part of the criminal justice process include initiating and pursuing a criminal prosecution, *Imbler v. Pachtman*, 424 U.S. at 410; preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997); and participating in probable cause hearings, *Burns v. Reed*, 500 U.S. 478 (1991). Nonetheless, because the immunity test is based upon function, a prosecutor may have only *qualified* immunity for "performing investigatory or administrative functions, or is essentially functioning as a police officer or detective." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Plaintiff's allegations center on actions the prosecutor took during Plaintiff's criminal action, including acts during the plea agreement process and change of plea hearing. The prosecutor has quasi-judicial immunity for such acts. Therefore, Plaintiff cannot maintain a civil rights action against the prosecutor, and this federal claim is subject to dismissal with prejudice.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

### 6. Summary and Conclusion

Plaintiff's entire case is barred by *Heck v. Humphrey*, which requires that a case be dismissed without prejudice, so that a party may later bring the claims if he is successful overturning his conviction on appeal or via habeas corpus. But Plaintiff's claims are also barred for failure to state a federal claim, as explained above, meaning that, even if the *Heck* bar did not exist, he still could not maintain a cause of action against these Defendants, now or in the future. Even if Plaintiff could amend his complaint to state a conspiracy claim against one or more of the public defenders, *Heck* presently blocks that action as premature; therefore, amendment would be futile because, if Plaintiff overturns his conviction in the future, his civil rights statute of limitations would begin to run at that time, whereupon he could file a new complaint. *see Wallace v. Kato*, 549 U.S. 384, 393 (2007) (the statute of limitations for a § 1983 claim that is dependent upon a prior state court action to invalidate a conviction does not begin to run until the conviction is reversed, expunged or declared invalid, because the § 1983 cause of action does not arise until the state court action is completed); *see also Heck*, 512 U.S. at 489.

### ORDER

**IT IS ORDERED** that Plaintiff's Complaint (Dkt. 3) is DISMISSED on *Heck v. Humphrey* grounds and, alternatively, for failure to state a federal claim upon which relief can be granted; that is, Plaintiff's claims against the public defenders do not state a claim because public defenders are not considered state actors for purposes of § 1983, Plaintiff has not stated conspiracy

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

allegations, and the prosecutor's allegedly wrongful actions show that the prosecutor is entitled to quasi-judicial immunity.

DATED: February 13, 2025

_____
Amanda K. Brailsford
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**